UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

      Plaintiff,
vs.

AMPY ENTERPRISES, INC. d/b/a
McDonald's location 1400 SW 8th Street,
and MCDONALD'S CORPORATION,

      Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Ampy Enterprises, Inc. doing business as the McDonald's restaurant located at 1400 SW 8th Street, Miami Florida 33134, and Defendant McDonald's Corporation for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

## PARTIES

3. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

4. Defendant Ampy Enterprises, Inc. (also referenced as "Ampy," "Defendant McDonald's," "tenant," "operator," lessee" or "co-Defendant") is a Florida for profit corporation which owns several fast-food franchise restaurants throughout Florida, including the McDonald's franchise restaurant with is the subject of this action. According to Dunn & Bradstreet, Ampy Enterprises has 140 employees across all of its fast food restaurant locations.

5. Defendant McDonald's Corporation (also referenced as "Defendant Landlord," "Lessor," "Owner," or "co-Defendant") is the owner of Folio 01-4111-0005-0080, which is a commercial real property located at 1400 SW 8th Street, Miami Florida 33136 (referenced throughout as "1400 SW 8th Street"), which is built out as a stand-alone fast food restaurant.

## FACTS

6. At all times material hereto, the commercial space encompassing the commercial real property located at Defendant Landlord's 1400 SW 8th Street location has been leased to co-Defendant Ampy (the lessee). The lessee in turn has operated its franchised "McDonald's" fast food restaurant within that leased space.

7. The McDonald's restaurant chain consists of McDonald's restaurants which are owned by McDonald's Corporation and other McDonald's restaurants which are owned and operated by franchisees. McDonald's restaurants serve American style hamburgers, salads,

shakes, drinks and deserts. Each McDonald's restaurant is open to the general public and therefore each restaurant is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The McDonald's restaurant which is the subject to this action is also referred to as "SW 8th Street McDonald's," "restaurant" or "place of public accommodation."

8. At all times material hereto, Defendant Ampy was (and is) the franchisee operator of the SW 8th Street McDonald's restaurant and as with all McDonald's restaurants, the SW 8th Street McDonald's restaurant is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

9. As the operator the SW 8th Street McDonald's restaurant, Defendant Ampy is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. As the owner of commercial real property which is operated as a restaurant open to the public, Defendant Landlord is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

11. Plaintiff is frequently in the vicinity of 1400 SW 8th Street in Miami therefore on January 31, 2021 Plaintiff went to the restaurant with the intent of purchasing a meal and dining in the eating area located therein.

12. While Plaintiff purchased a meal, he encountered many areas of inaccessibility related the restroom facilities and the 'no contact' ordering board. Further Plaintiff unhappily noted that the restaurant did not have a specified dining area reserved for wheelchair bound patrons.

13. As a result, Plaintiff left the SW 8th Street McDonald's feeling excluded, humiliated and dejected.

14. On information and belief, Defendant Ampy is well aware of the need to provide equal access to individuals with disabilities as it owns many franchise fast-food restaurants and its failure to reasonably accommodate individuals with disabilities at its SW 8th Street McDonald's restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

15. While in this instance, McDonald's Corporation is the property owner (landlord) and leases its commercial space to a franchisee, McDonald's Corporation is one of the largest fast-food international corporations in the world and is the second largest private employer in the United States[1]. It is listed on the NYSE and has over 37,855 restaurants in over 100 countries. As the owner of the McDonald's franchise brand, Defendant Landlord is aware of the ADA and the need to provide for equal access within its 1400 SW 8th Street commercial property. Therefore, Defendant Landlord's *de facto* failure to reasonably accommodate individuals with disabilities at its commercial property which houses one of its franchised restaurants is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff, and in violation of 28 C.F.R. §36.302(c).

16. Based on the above delineated access impediments, Plaintiff has been denied full and equal access to, and full and equal enjoyment of the SW 8th Street McDonald's restaurant by the operator/lessee of that restaurant (Defendant McDonald's) and by the owner/lessor of the commercial property which houses the restaurant (Defendant Landlord).

17. As a result of Defendants joint and several discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

---

[1] https://en.wikipedia.org/wiki/McDonald%27s

18. Plaintiff is and has been a customer of McDonald's restaurants. Plaintiff often dines at McDonald's fast food restaurants and continues to desire to return to the SW 8th Street McDonald's restaurant to purchase food and eat in the dining area, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

19. Any and all requisite notice has been provided.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

21. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

23. Prior to the filing of this lawsuit, Plaintiff personally visited the SW 8th Street McDonald's restaurant in order to purchase a meal and dine therein, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met architectural barriers within the restaurant and when attempting to sit at the indoor dining area to enjoy his meal. Therefore, Plaintiff has suffered an injury in fact.

24. Defendant Ampy (lessee/operator) and Defendant Landlord (owner/lessor) McDonald's have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the SW 8th Street McDonald's restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the SW 8th Street McDonald's restaurant.

26. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said

Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28.     The 1400 SW 8th Street commercial space which is owned by Defendant Landlord (owner/lessor) and houses a McDonald's restaurant which is operated by Defendant McDonald's (tenant/lessee) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i.     As to Defendant Ampy (lessee/operator) and Defendant Landlord McDonald's (owner/lessor of the property) (jointly and severally), failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

   ii.    As to Defendant McDonald's (lessee/operator), failure to provide a hand sanitizer for the general public at an accessible height, in violation of the reach ranges delineated within Section 308.2.1, 2010 ADA Standards for Accessible Design which states that where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

   iii.   As to Defendant Ampy (lessee/operator), failure to provide for designated / reserved handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.4 and 2020 ADA Standards for Accessible Design Sections 902 and 903, which require that all dining areas be accessible in clear floor/ground space, size and height.

   iv.    As to Defendant Ampy (lessee/operator), failure to provide a soda drink dispenser positioned at an accessible height in violation of 28 C.F.R. Part 36; 2010 ADA

Standards for Accessible Design Section 904.5.1 (self-service dispensing devices for beverages are to comply with Section 308, specifically obstructed high reach under 308.2.2).

   v.  As to Defendant Ampy (lessee/operator), failure to position the "no contact" ordering board at an accessible height (as items at the top of the screen were too high to order), in violation of 2010 ADA Standards for Accessible Design.  Section 308.2.1 states that the accessible height for a forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

   vi.  As to Defendant Ampy (the lessee/operator) and Defendant Landlord McDonald's (owner/lessor) (jointly and severally):  the bathroom toilet compartment stall door does not have the ability to lock the door with a closed fist, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds) and §404.2.7 (door hardware must be operable with a closed fist or a loose grip),  and is overall in violation of 604.8.1.2.

   vii.  As to Defendant Ampy (the lessee and operator of the restaurant) and Defendant Landlord (owner/lessor) (jointly and severally): the men's restroom lavatory sink has partially unwrapped bottom sink pipes, which does not provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG §§606, 606.5 and/or §4.24.6 of the 1991 ADA Standards. which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code Section §606.5.

29.     More access barrier violations may be present, which will be determined and proven through the discovery process.

30.     Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the SW 8th Street McDonald's restaurant commercial space accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

31.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant McDonald's Corporation (owner of the commercial property) and the lessee (operator of the 1400 SW 8th Street McDonald's restaurant) Defendant Ampy Enterprises, Inc. and requests the following relief:

a)     The Court declare that Defendants have violated the ADA;

b)     The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)     The Court enter an Order requiring Defendants to alter the commercial property and the McDonald's fast food restaurant such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)     The Court award reasonable costs and attorneys' fees; and

e)     The Court award any and all other relief that may be necessary and appropriate.

Dated this 11th day of February, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com

*Counsel for Plaintiff*

10